— Alexander Locasio—        :        No. 7 9 4 7.
                            :
            —vs—            :        Court of Appeal.
                            :
        —Nick Manale—        :        Parish of Orleans.

Dinkelspiel. J.

--------

Dinkelspiel. J.

Plaintiff sues defendant for a balance of $231.85,
claiming, that from January 16th. 1914 up to July.
15th. 1916, he was engaged generally with defendant
in conducting a butcher shop and a vegatable stand
at No. 3801 Baronne Street, Corner of Penniston St.,
in the City.

That at the time of the withdrawl of plaintiff from
said business, defendant retained in his possession
a horse and wagon, which was used in connection with
said business, a meat board and fan, and took over
the open accounts which were due plaintiff aggregating
the sum of $615.95., as per itemized statement annex-
-ed to the petition.

That plaintiff having given to defendant credits for
all the monies received from him, there still remains
a balance due plaintiff amounting to $231.85, for which
judgment is prayed.

Annexed to the petition is an itemized statement of
various and sundry customers, of said business, in
various amounts due said business totaling the sum of
$686.95.

To this petition defendant excepted;
First;- That the petition discloses no right or
cause of action.

Second:- That in the event this exception is over-
-ruled, defendant excepts further, that the petition
is too vague and indefinate for defendant to safely
answer thereto, and prays for judgment dismissing
the suit of plaintiff.

Judgment was rendered on the exception on November,
22nd. 1918, reads:- " Exceptions no cause of action
overruled. That of vagueness maintained. Tendays
given to answer."

331

A supplemental and amended petition was filed by plaintiff on December, 9th. 1918, and amongst other statements, plaintiff reiterates and reavers all and singular the allegations contained in his original petition. He goes on, without enumerating, to make the same claim made in the original petition, alleging the same facts, and refers to the original itemized account of various debtors, and prays for judgment as prayed for in the original petition.

To this supplemental and amended petition, on the 30th. December, 1918, there was filed other exceptions, amongst them, that the petition is inconsistant with the allegations contained in the original petition, changes the cause of action set up in the original petition, and prays that this exception be maintained and plaintiff's suit be dismissed.

Subsequently, another supplemental and amended petition was filed, February, 4th. 1919, by plaintiff, in obediance to the order of Court heretofore rendered; claiming; 1st. Plaintiff reiterates and reavers all and singular the allegations in his original and first supplemental and amended petition. 2nd. That defendant should be required to render a full and complete accounting of all matters and things setforth in plaintiff's original and first supplemental petition; and prays, after citation, that there be judgment in favor of plaintiff for such an amount as may be found to be due by defendant to plaintiff together with interest and costs; and in the alternative, should defendant refuse to render such an accounting, that there be judgment herein in favor of plaintiff and against defendant as prayed for in plaintiff's original and first supplemental and amended petition with costs and for general relief.

332

On the 21st. of February, 1919, defendant comes into Court, reserving the benefits of all exceptions heretofore filed and objecting to same being overruled, and only in compliance with the orders of Court, denies that plaintiff was ever the owner of the various articles claimed by him, and prays for a dismissal of plaintiff's suit and for general relief÷ and costs.

On the trial, neither defendant nor his Counsel were present.

Plaintiff testified;-

Q- You filed this suit against Nick Manale?

A- Yes.

Q- I show you an itemized statement of account filed in this suit on October, 30th. 1917, and ask you in whose handwriting it is?

A- Mine.

Q- What does it state?

A- All that the customers owed at the time we seperated.

Q- The items on this account Mr. Manale undertood to collect for you?

A- Yes.

Q- They aggregate $686.95. is that correct?

A- Yes.

Q- And a wagon $115.00. and meat board $8.00. and fan $6.00. making a total of $815.95?

A- Yes.

Q- You are not mistaken as to the items on the account%?

A- No, Sir.

Q- You have given him credit for how much?

A- $394.10.

Q- That is money he gave you?

A- Yes; that he collected.

Q- These are debts that were paid?

333

Q- What is this $200.00. ?

A- Cash money he had loaned me; he took that at the time.

Q- Then you gave credit for $594.10, which leaves a balance of $221.85, which the amount justly and truly due you by Mr. Manale?

A- Yes.

This is the testimony in full of plaintiff when on the witness stand.

The next and only witness is a Mrs. Elenore Graham, and she swears, without quoting her testimony which is entirely unnecessary, that she had an account with the firm; that she dealt exclusively with Mr. Manale from 1916 until July 1918, when she paid him for everything that she owed him, and she owed him $29.10., and she paid him that amount.

This disposes of all the testimony there is in this record.

Under this testiomy and the pleadings, the Judge of the lower Court, no written reasons in the record, rendered judgment in favor of plaintiff for the full amount of his claim. We think, both on the law and facts, the Judge erred.

In this State it has been frequently held and often decided, that a suit by one partner against his co-part -ner, for a specific sum of money claimed to be due
totally/
was absolutely and unauthorized as the only right of action was one for partition. R. C. C. 2890. 13 A. 576. 21 A. 592.

The meaning of Art. 2861, C. C. is, that the rules of partition among heirs, apply to partition amongst partners; not that the rules governing action of partition among heirs, apply to all actions which may be exercised by one partner against another.

334

Lelong vs. Jones & Husband. 14 A. 714.

" When the action is for partition of property, and the liquidation of partnership affairs, settlement of the accounts being an incident of the partition, prescription xf only of thirty years applies."

The exception of no caue of action was sound and should have been maintained by the lower Court.

For the reasons herein assiged, it is ordered, adjudged and decreed, that the judgment of the xxxx lower Court be, and the same is hereby reversed, annulled and set aside, and this cause dismissed at plaintiff's costs in both Courts.

--Judgment revered and Annulled--